## BOERUM *against* TAYLOR:

### IN ERROR.

Where the declaration contained two counts; one in trespass, for putting filthy substances into a quart of rum in a jug, whereby the rum was rendered valueless and wholly spoiled; the other in case, for putting filthy and noxious substances into a quart of rum contained in a jug, intending to cause the plaintiff to drink thereof; and the plaintiff drank of the mixture, supposing it to be rum, and was thereby made sick and much injured in his health; it

was held, 1. that these counts were, on the face of them, for causes of action essentially different, and could not be joined, either by the common law, or under the statute of 1836; 2. that the defendant might take advantage of such misjoinder, by writ of error.

Non-joinder as plaintiffs. . . . . . Plea in abatement.

*Fairfield,*
July, 1848.

Boerum
*v.*
Taylor.

THE original action was brought by *Charles Boerum* against *Granville Taylor*, before a justice of the peace. The declaration, containing two counts, was as follows.

1st count, in trespass. That on the 17th day of *January* 1847, at *Danbury*, the plaintiff owned and possessed a certain jug, of the value of one dollar, and one quart of rum contained in said jug, of the value of one dollar; and the defendant, then and there, with force and arms, took the said jug, and with like force and arms, put and deposited in the said jug, five pieces of candles, and divers other filthy and noxious articles, to wit, one pint of dirty and filthy hair, beard and fur, and a quantity of said hair, beard and fur, and soap suds; whereby the said rum, so contained in said jug, was made filthy, dirty and unfit for use, and was wholly spoiled, and said jug was thereby rendered, and became and was, of no use or value to the plaintiff.

2nd count—in trespass on the case. That afterwards, to wit, on the 17th day of *January*, 1847, at said *Danbury*, the plaintiff owned and possessed a certain other jug, of the value of one dollar, and one quart of rum contained in said last-mentioned jug, of the value of one dollar; and that the defendant, then and there, wickedly and maliciously intending to administer the same to the plaintiff, and cause him to drink thereof, did put, place and deposit in the said jug, and mix with said rum, certain pieces of candles, to wit, two pieces of candles, one quart of dirty and filthy soap suds, one pint of other soap suds, one pint of soap, and a large quantity of dirty and filthy hair, beard and fur; whereby said rum was corrupted, and made nauseous, and noxious, and loathsome, and made filthy and dirty, and wholly spoiled; and the plaintiff, being wholly ignorant thereof, and of said wrong doings of the defendant, afterwards, to wit, on the same day and year last aforesaid, at said *Danbury*, drank of said mixture, supposing the same to be rum, and was thereby made sick, and was much injured in his health; all which is to the damage, &c.

The defendant pleaded in abatement, that said rum in the plaintiff's declaration mentioned, was owned and possessed jointly, by the plaintiff, *Wm. Murphy, Oliver H. P. Hyath* and *Lucius Wildman*, all of said *Danbury*, who are still living, and not by the plaintiff alone ; wherefore, because the said *Murphy, Hyath* and *Wildman* are not named in said writ with the plaintiff, the defendant prays judgment, &c.

The plaintiff replied to this plea, that as to the first count in the declaration, the matters alleged in said plea, are *not true ;* and demurred to the plea, as to the second count. The defendant joined issue on both parts of the replication.

Upon the trial of the issue, as to the first count in the declaration, the defendant offered *Lucius Wildman*, as a witness, who testified, that he owned a part of the rum in said jug ; and that he had agreed to contribute to pay for the same, but had not paid for it.

The defendant thereupon claimed, that the court should decide, that the plaintiff's writ and declaration should abate as to both counts in the declaration ; but the court overruled the claim of the defendant, and found that the defendant's plea in abatement, as to the first count, was not true ; and that said plea in abatement, as to the second count, was insufficient ; and thereupon ordered the defendant to answer over.

The defendant then pleaded *not guilty ;* on which issue was joined. The cause was tried on this plea ; and the court found that the defendant was guilty, and rendered judgment for the plaintiff, to recover of the defendant the sum of three dollars, damages, and his costs.

The defendant thereupon brought a writ of error in the superior court ; and the judgment of the justice was there reversed. By motion in error of the original plaintiff, the record was then brought before this court for revision.

*N. L. White* and *D. B. Booth*, for the plaintiff in error, contended, 1. That the plea in abatement was correctly decided, by the justice. In the first place, the plea was insufficient. The action in the first count was for an injury to both jug and rum ; whereas the plea speaks of an injury to the rum alone. Secondly, there was a variance between the plea and the proof offered. The utmost certainty is required in

a plea in abatement; and the party pleading must prove it strictly. *Wadsworth* v. *Woodford*, 1 *Day*, 28. *Godson* v. *Good*, 6 *Taun.* 587. *Crellin* v. *Brook*, 1 *Car. & Kir.* 571. (47 *E. C. L.* 571.) *Steph. Plead.* 463. *c.* 2. *s.* 7. Thirdly, the issue in fact joined on the plea, was found in favour of the plaintiff.

2. That the two counts in the declaration were properly joined. *Stat.* 77. (ed. 1838.) The intention of the legislature was, to abolish a rule for which no good reason exists in this country, *viz.* that *trespass* and *case* cannot be joined. In *England*, the judgment and pleadings, in the two cases, are different: here they are the same. Where both injuries proceed from one of the defendants, the two forms of action may be joined in one declaration, in distinct counts. If the plaintiff should adopt one form of action, a recovery in that action would be a bar to another action by him for the same act. *Chitt. Plead.* 197, 8. 200. (*Am.* ed. 1809.) *Com. Dig. tit.* Action. G. 2. Even at common law, it has been held, that trespass and case can be joined. 3 *Salk.* 202. *pl.* 3.

3. That it is unnecessary to aver in the declaration, that the cause of action in both counts, is the same: it is sufficient if this appear from the record. The statute has provided that this may be done; and all are bound to know the law.

*E. Taylor* and *W. F. Taylor*, for the defendant in error, contended, 1. That the decision of the justice on the plea in abatement, was erroneous. In the first place, the plaintiff, by his demurrer to the defendant's plea, admitted a non-joinder as to the second count. Secondly, as to the first count, the proof was, that *Lucius Wildman* was a joint owner of the rum with the plaintiff; and consequently, there was a nonjoinder as to that count. Thirdly, in actions *ex delicto*, if a party who ought to join be omitted, it must be pleaded in abatement, or by way of apportionment of damages, on the trial. 1 *Chitt. Pl.* 53. *Gould on Plead.* 199. 200. Here was no apportionment of damages, but judgment was rendered for damages on both counts, *viz.* for injury to the rum, and injury to the plaintiff's health.

2. That if both counts are for the same cause of action, then the demurrer to the second count admits a mis-joinder

*Fairfield,*
July, 1848.

Boerum
*v.*
Taylor.

in the first. In this case, there are two issues; and if judgment is good as to one, and bad as to the other, a *venire facias de novo* goes to all. *Porter* v. *Rummery,* 10 *Mass. R.* 64. 68.

3. That it does not appear from the declaration, that both counts are for the same cause of action; but it does appear that they are for different causes of action, *viz.* injury to the rum in one, and injury to the plaintiff's health in the other. *Stat.* 77. (ed. 1838.)

4. That misjoinder of *trespass* and *case* is a fault in pleading, which may be taken advantage of, by writ of error. *Gould Plead.* 219.

CHURCH, Ch. J. This case involves a principle of pleading or practice, of some practical importance; and it is this only, which makes it worthy of our attention.

1. The plea in abatement was of no avail. As to the first count in the declaration, it was found by the justice to be untrue; and to the second, it had no application.

2. The only question which we deem important in the case, is, whether in this declaration there is a misjoinder of counts? The first count is in trespass, for an injury to the property, and the second in case, for a consequential injury to the person, of the plaintiff. By the common law, these counts cannot be joined. But by our statute of 1836, it is provided, "that one or more counts in trespass on the case "founded in tort, may be joined with one or more counts in "trespass, in the same declaration, when all of such counts "are for the same cause of action."

There is no averment that these counts are for the same cause of action; nor can the court, from the nature of the facts alleged, nor the form of allegation, presume them to be so, in this case. So far from this, we see them to be for causes of action essentially different; and to have averred them to be for the same cause, would have constituted a repugnancy.

The act complained of, to be sure, is the same, as described in both counts; but it resulted in very different consequences, constituting, in their nature, very dissimilar causes of action : an injury to the property, as its direct result, and an injury to the health of the plaintiff, as its indirect and more remote

consequence. A recovery for one of these injuries would have been no bar against a recovery for the other, in a separate action. The evidence which would sustain the first count, would fall far short of sustaining the second ; and this is said to be the test of determining whether causes of action are the same. *Rice* v. *King*, 7 *Johns. R.* 20. *Johnston* v. *Smith*, 8 *Johns. R.* 383. 1 *Stark. Ev.* 198. *Gates* v. *Gorham*, 5 *Verm.* 317.

And it makes no difference, in this respect, that by a proper form of averment, the plaintiff might have recovered, under the first count, for the injury described in the second. The causes of action still are distinct and different. And it is not uncommon, in actions of trespass *vi et armis*, that by way of aggravation, the plaintiff recovers damages for that, which alone considered, would furnish a good cause of action in *case :* as in trespass *quare clausum fregit*, the plaintiff may recover for the seduction of his wife or daughter ; or as in the case of *Barnum* v. *Vandusen*, 16 *Conn. R.* 200. for the damage sustained by the communication of a deadly and contagious disorder to his sheep. But in all such cases, to justify a recovery in aggravation, the facts and circumstances must be averred, as a ground of recovery, specially and with reasonable particularity. 1 *Chitt. Pl.* 386. 1 *Saund.* 346. *Treat* v. *Barber*, 7 *Conn. R.* 275. *Barnum* v. *Vandusen*, 16 *Conn. R.* 200. *Bracegirdle* v. *Oxford*, 2 *Mau. & S.* 7. Greenl. Ev. § 273.

In the present case, no allusion is made, in the first count to any matter of aggravation ; but the plaintiff relies for a recovery for the injury to his person, upon the additional special facts alleged in the second count, as for a distinct ground of complaint.

There is, therefore, in our opinion, a misjoinder of counts in this declaration, and not authorized by our statute, and of which the defendant may avail himself, by writ of error.

There is nothing erroneous in the judgment of the superior court.

In this opinion the other Judges concurred.

**Judgment affirmed.**