Phelps *v.* Hurd.

---

### CHARLES PHELPS *vs.* DENNISON HURD.

Counts in book debt and assumpsit can not be joined.

The defect is not waived by the defendant's consenting to the appointment of an auditor.

Nor cured by the report of the auditor and its acceptance.

And where the auditor reported a sum due to the plaintiff "to balance book accounts," it was held that it would not be presumed that the auditor tried nothing but the count in book debt.

Where, in such a case, upon a motion in arrest being made, the plaintiff moved to

be allowed to amend by striking out the count in assumpsit, the court held that in the circumstances the amendment ought not to be allowed.

A case appealed from a justice of the peace comes to the higher court as an original one, unaffected by the pleadings below, except as to preliminary pleas that may have been waived in the court below.

Book debt, with the common counts in assumpsit; referred to an auditor, who reported a sum due the plaintiff "to balance book accounts." Motion in arrest of judgment by the defendant for misjoinder of counts. The court found on the motion that the defendant made no objection to the plaintiff's declaration until after the acceptance of the auditor's report, and reserved the case for the advice of this court.

*L. E. Stanton,* in support of the motion.

*Phelps,* contra.

Dutton, J. The declaration in this case, it is admitted, contains a count in book debt and one or more counts in assumpsit, demanding fifty dollars. They are not alleged to be for the same cause of action. The suit was brought before a justice of the peace and tried by him on the general issue, resulting in a judgment for the plaintiff. The defendant appealed, and without any change of plea, the case was sent by the superior court to an auditor, who reported a sum due to the plaintiff "to balance book accounts." The report was accepted, when the defendant moved in arrest, on the ground of a misjoinder of counts.

That debt and assumpsit can not be joined is familiar law. The pleas and judgment at common law would be different. 1 Chitty Pl., 214. If an objection ought to be allowed for a misjoinder, it surely ought to be in such a case as this.

Either of the parties on the count in assumpsit would have been entitled by law, and this is claimed to be a constitutional right, to a trial by jury, if he had claimed it in due season. On the count in book debt the court could have peremptorily sent the case to auditors. It would have been difficult, if not impossible, for the court to have preserved this right of the parties, without depriving itself of the power, and in some

cases without disregarding the duty, of taking from a jury the investigation of some long account, which never could with propriety be submitted to them.

The courts of this state have strictly followed the rules of the common law on the subject of misjoinder of forms of action. The cases of *Boerum* v. *Taylor*, 19 Conn., 122, *Havens* v. *Hartford & New Haven R. R. Co.*, 26 id., 220, and *Prosser* v. *Chapman*, 29 id., 515, are decisive upon this point.

It is insisted, however, by the counsel for the plaintiff, that the defect is cured by the proceedings. It is said that the defendant should have taken advantage of the error on the trial before the justice and not have brought the case up by appeal. It is well settled, however, that a case by appeal comes to the higher court as an original case, unaffected by the pleadings below, except as to preliminary pleas that may have been waived. It would be a novel doctrine that a defendant can not demur in the superior court, because he pleaded the general issue before the justice of the peace.

The principal claim of the plaintiff is, that by allowing an auditor to be appointed the objection was waived. It does not appear from the record that the defendant assented to the appointment, and his assent is now denied. It never has been claimed or held that a party was precluded from moving in arrest, by voluntarily going to trial to a jury.

It is further insisted that nothing was tried by the auditor but the action of book debt, as he has reported only a balance of book accounts, and that therefore the plaintiff ought to be allowed to withdraw or strike out the count in assumpsit. We are not prepared to give our assent to this claim even if the facts were admitted. We know of no right in a party to try his case by piecemeal. Such a course would at any rate require a special order of the court. It would not do to allow a plaintiff to try an experiment on one count, and if he should fail then to resort to the other. But the record gives no countenance to the idea that the auditor was appointed on only a part of the case. It says, simply, that he was appointed an auditor in the case. By statute, under certain circumstances,

an auditor can be appointed in assumpsit. Act of 1850; Stat. Comp. 1854, p. 98.

Lastly, the plaintiff claims that he ought to be allowed to amend. This question is not before us. But, if it were, we see no reason for departing from the general rule. The mistake was made by the plaintiff. He will suffer no irremediable injury if judgment is arrested, and liberty to amend would be but a small privilege.

We advise that the motion must be allowed.

In this opinion the other judges concurred.