## WILLIAM CHURCH *vs.* THE SYRACUSE COAL AND SALT COMPANY.

A declaration alleged a false warranty of the value of a river landing by which the plaintiff was induced to purchase a lease of it held by the defendants. The plaintiff was allowed to amend in court by inserting averments that a quantity of coal was covered by the same warranty and embraced in the same sale, and by adding a new count alleging that by fraudulent representations of the value of the landing and of the character of the coal he had been induced to purchase the lease and the coal. Held, that the amendments did not change the "ground of the action" within the meaning of the statute of amendments, and that the court had power to allow them.

The amendments were made on the 20th day of the first term of the court, but did not come to the actual knowledge of the defendants' counsel until several terms later and just before the trial. They then moved that they be stricken out, but the court permitted them to stand. After a verdict against them the defendants moved for a new trial for error in not disallowing the amendments. Held,

1. That the motion for a new trial was a proper remedy.
2. That there had been in the circumstances no waiver of objection to the amendments.
3. That if it was not within the power of the court to allow the amendments the motion to strike them out could be made at any time.

CASE for fraud in a sale; tried in the superior court before *Phelps, J.;* verdict for the plaintiff; motion for a new trial

by the defendants for error in the allowance of certain amendments of the declaration. The case is sufficiently stated in the opinion.

*Blackman* and *H. K. W. Welch*, with whom was *Watrous*, in support of the motion.

*H. B. Munson* and *Doolittle*, contra.

BUTLER, J. In this case the declaration consisted originally of a single count, framed to recover damages for a false and fraudulent warranty of the value of a river landing, of which the defendants had a lease for a term of years, which lease by means of the warranty they induced the plaintiff to purchase. On the 20th day of the first term of the court the plaintiff amended his declaration in two particulars, viz., by inserting averments embracing in the same sale and warranty a lot of coals, and by filing a second count alleging that he was induced by fraudulent representations to purchase the lease and coals. It does not appear from the record that this was done with the assent or actual knowledge of the defendants, or that any application was made to the court invoking its action in respect to the amendments until the term when the case was about to be tried, when the defendants moved the court to erase the amendments on the ground that they were not authorized by law. The court permitted them to stand ; and after verdict the defendants, by a motion for a new trial and a reservation, bring the question whether that ruling was or was not correct before this court. The plaintiff makes several preliminary objections to the consideration of the question presented by the motion, all which will be considered in the order in which they stand on the brief.

1. He objects, first, that the question can not properly be presented by motion for a new trial ; for that, as the ruling complained of was an interlocutory ruling, made before and not during the trial, the action of the court should have been put on the record by bill of exception, and revised by writ of or motion in error.

As a rule erroneous decisions upon interlocutory motions do not reach to and materially effect the character of the trial, and can only be revised on error, and a motion for a new trial is never proper unless the trial has been in some material respect different from that which the party claiming to be aggrieved was legally entitled to, and would have had but for some erroneous decision of the court. But where such decision does reach to and affect the character of the trial, and a correction of the ruling will necessarily result in a new and different trial, there is no good reason why an application for such new trial should not be permitted. If, as is true in this case, such ruling lays the foundation for the introduction of other and different evidence, in respect to another and different subject matter, and the recovery of greater damages, the party is clearly entitled, if the ruling is wrong, to a new, because to a *different* trial, whether the evidence is admitted because of an erroneous ruling before or during the trial. The injury to the party is the same, the consequent right to a new and different trial the same, and on principle it may as well be applied for in one case as the other.

But the plaintiff urges that the statute of 1830 does not contemplate the revision of an error by a motion for a new trial unless the ruling was made during the trial. To this the defendants have well replied that the authority of the court to allow motions for new trials and reserve them was not given by the statute of 1830, but by an ancient one, authorizing them for any *reasonable cause;* and the statute of 1830, construed as a remedial one, was not intended to limit the prior grant, but to *require* a reservation of the questions, till then discretionary in the cases specified, for the advice of the supreme court. The first objection is not therefore well taken.

·2. The plaintiff objects secondly, that the allowance of the amendment was discretionary, and not a subject for revision by this court. But, if the defendants are right in their claim that the court did not possess the power to permit the amendments, it could not exercise any discretion, and the objection is immaterial.

3. It is objected in the third place, that the defendants waived their right to make the motion to erase by not excepting and filing their bill of exceptions at the time the amendments were made. To this there are several conclusive answers. 1st. The record does not show any application to the court for liberty to make them, nor any action of the court respecting them. The mere act of filing them did not constitute an error of the court admitting of revision. 2d. The record does not show that the defendants had any actual knowledge of them prior to the time the motion was made to erase them, and without such knowledge there could be no waiver. They were in court, but under our practice can not be presumed to have known, after the first three days of the term, during which the plaintiff had a lawful right to amend, that amendments had been made or filed with the clerk, for they were not bound to watch the files for that purpose. The plaintiff was bound to pay cost unless excused therefrom by the court, and the defendants might well presume that if any amendments were made they would be notified of them, directly or by notice of a motion to permit them without cost. 3d. If it was not within the jurisdiction of the court to permit them to be made, the motion to erase was proper at any time.

Nor was pleading to the declaration a waiver, unless with knowledge that the amendments were part of it; nor even then if their allowance was not within the power of the court. But if they had taken the chance of a trial without moving to erase, they would have been estopped. The third objection must be overruled.

4. The plaintiff further claims that substantial justice has been done and that therefore a new trial should not be advised. As no complaint is made of any error except the allowance of the amendments to the declaration, that is to be taken as true if the court had power to allow them. But the amendments enlarged the issue and increased the damages recovered, and if the defendants are right in their claim that the court had no power to allow them great injustice has been done.

No other objection deserving consideration is made, and we

come to the principal question, (viz.,) whether the court had power to allow the amendments, and that involves and depends upon the question whether they do or do not change the ground of the action.

The ground of the action, as alleged in the original count, was a false affirmation, or affirmations amounting to a false warranty, in respect to the value of a river landing, by means of which the defendants induced the plaintiff to buy a lease of the landing to his injury, and the amendments introduced into that count enlarge the affirmation or warranty so as to include in it the value of certain coals embraced in the *same purchase*. They do not otherwise change it. No other or different warranty, or other and different transaction or bargain are set up; but the warranty is made by the amendment to extend to the value of the coals also. It is a case of purchase at the same time, of the same party, and by the same contract, of two articles, under the inducement of a false warranty as to both, and the plaintiff in declaring neglects or omits to aver that the bargain embraced both articles, and that the false warranty extended to both. Is it *changing* the *ground* of the action to amend by averring that the purchase embraced both and the false affirmation covered both? Clearly not. It is the same warranty or inducement partly and imperfectly described before, fully and perfectly described now; and the purchase induced by it, is the same purchase before imperfectly described as embracing the lease, now perfectly described as embracing both lease and coals. If the amended count presented the case supposed by the defendants' counsel in their brief, of " sundry tortious acts in making divers false and fraudulent representations respecting entirely different matters having no necessary connection with each other, made for aught that appears at different times, in different places and by different persons,—divers tortious acts, several and distinct in their nature," the claim of the defendants would be correct. But it is alleged now as before the amendment, as a single warranty, constituting a single inducement to a single bargain embracing the two articles. The warranty alleged is not correctly described therefore when it or the fraudulent

representations are described as " *sundry* tortious acts," and the lease and coals have a " necessary connection," for the false description of both was embraced in the single warranty and the single *bargain* which the warranty or fraud induced.

In effect the amendment undoubtedly enlarges the issue, and lays the foundation for other and further evidence and the recovery of greater damages, but that is immaterial. Such a result would follow in many cases which might be supposed, from a more perfect description of the cause of action and where the right to amend could not be doubted.

The second count sets forth at length the affirmation or representation made by the company to induce the plaintiff to make the purchase, and describes with great particularity the subject-matters of the bargain or contract, and avers the affirmations or representations to have been fraudulent. In that we discover no new cause of action, and we are satisfied that neither count embraces, as amended, new and distinct matter upon which an independent suit could be brought. Doubtless the plaintiff might divide the representations and the subject matter and waive or abandon one of them, but he was not obliged to do so originally, nor can he be estopped from correcting himself if he intended to do so and changed his mind, nor if he omitted one inadvertently, or carelessly, nor could he bring an independent suit on each; for in each suit he would be obliged to aver that the representations were the *sole inducement* to the purchase, and the suits would be inconsistent with each other.

A new trial should be denied.

In this opinion the other judges concurred.