Barber *v.* Barber.

---

ALMIRA BARBER *vs.* SMITH BARBER.

On the trial of an action for slander the plaintiff may introduce evidence of the wealth of the defendant, for the purpose of enhancing damages.

A declaration in slander, averring the slanderous charge to be that the plaintiff was a prostitute, was amended by adding new counts alleging the utterance at other times of other slanderous words of the same general character. The judge allowed the amendment as stating in different modes the same cause of action already alleged. Held that the amendment did not change the ground of the action, and was properly allowed.

ACTION OF SLANDER. The first count alleged that the slan-
derous words, which were a charge that the plaintiff was a
prostitute, were spoken on the 6th day of March, 1864. Sev-
eral other counts alleged the speaking of other slanderous
words at different times. Before the trial the plaintiff moved
to amend by adding two other counts, alleging the speaking
on the 1st day of May, 1864, of different words, but which
charged the plaintiff substantially with being a prostitute.
The defendant objected to the amendment, but the superior
court (*Dutton J.*) allowed it. The defendant filed a bill of
exceptions, which was allowed by the judge, and in which the
judge stated that he " allowed the new counts to be inserted
by way of amendment to the first count in the declaration, as
different modes of alleging the cause of action to recover for
which that count was made a part of the declaration."

On the trial to the jury, on the general issue, the plaintiff
offered evidence, for the purpose of enhancing damages, that
the defendant was a man of large property. To this the de-
fendant objected, but the court admitted it.

The jury returned a verdict for the plaintiff for $725
damages, and the defendant moved for a new trial for error on
the admission of the above evidence, and filed a motion in
error, on the ground of error in allowing the amendment.

*Penrose*, in support of the motions, contended that the
amendment set up a new cause of action, as the words were
different words and spoken at a different time ; (*Johnson* v.
*Huntington*, 13 Conn., 47 ; *Peck* v. *Bacon*, 18 id., 377 ;) that
the allowance of an amendment not warranted by the statute
was error ; (*Nash* v. *Adams*, 24 Conn., 33 ; *Peck* v. *Bacon*,
supra ;) and that evidence of the defendant's wealth was not
admissible ; (*Case* v. *Marks*, 20 Conn., 248).

*Cleveland* and *Phillips*, contra, contended that the amend-
ment did not change the ground of the action, but was only a
different mode of stating the same general cause of action,
and was so found by the judge in the bill of exceptions ; and
that evidence of the defendant's wealth was properly admitted.

*Bennett* v. *Hyde*, 6 Conn., 26 ; ·*Case* v. *Marks*, 20 id., 250 ; *Larned* v. *Buffington*, 3 Mass., 546 ; *Reed* v. *Davis*, 4 Pick., 218; *Shute* v. *Barrett*, 7 id., 82 ; 2 Greenl. Ev., secs. 269, 275.

PARK, J. It is unnecessary to consider whether the amendment would change the cause of action, provided it appeared that the two last counts were based upon transactions distinct from that set forth in the first count, for we are satisfied it appears on the record that they all count upon one transaction. It is true that the time alleged in the first count differs from that set forth in the amendment, but the time is not material, and therefore no importance attaches to this circumstance. The record states that the court below allowed the two last counts to be added to the declaration by way of amendment to the first count, as different modes of alleging the cause of action set forth in that count. From this it appears that the court confined the amendment to the transaction described in the first count, and if so the case is clearly within the statute of amendments. The substantial charge in all these counts is that the plaintiff was a prostitute, and the counts differ only in the language used by the defendant in making the charge. This course is usually pursued in cases of this kind for purposes of safety, for it is necessary that the words spoken should have the same import as those alleged, and hence the practice of setting forth the charge in different counts, in different phraseology, in order to avoid a fatal variance between the proof and the declaration.

The remaining question is in regard to the admission of evidence that the defendant was a man of large property in order to enhance the damages.

This question is well settled in this state in accordance with the action of the court, and we have no disposition to adopt a different rule. *Bennett* v. *Hyde*, 6 Conn., 26 ; *Case* v. *Marks*, 20 Conn., 250.

There is no error in the judgment complained of, and no cause for a new trial.

In this opinion the other judges concurred.