### THE STATE *vs.* ALFRED HARDING.

A justice of the peace in imposing a fine, which by law was to go to the treasurer of the town, rendered judgment that the defendant pay it to the treasurer of the town. Held to mean only that the fine was to be paid over ultimately to the treasurer of the town, and not that the defendant was himself to pay it into the hands of the treasurer.

The defendant appealed from the judgment of the justice to the Superior Court, and there moved that the case be stricken from the docket. Held that the appeal vacated the judgment, and that the Superior Court took the case unaffected by the error, if it was one.

GRANDJUROR'S COMPLAINT for keeping intoxicating liquors with intent to sell, brought before a justice of the peace of the town of Vernon, in Tolland County. The justice found the defendant guilty and rendered judgment that he " pay a fine of twenty dollars to the treasurer of the town of Vernon." The defendant appealed to the Superior Court, in which court he moved that the case be stricken from the docket on the ground

that the judgment of the justice was void. The court (*Pardee, J.,*) denied the motion, and the defendant brought the case before this court by a motion in error.

*M. R. West* and *Marcy*, for the plaintiff in error.

*Bill*, State Attorney, for the defendant in error.

PARK, J. We are satisfied that the refusal of the court below to erase this cause from the docket of the court was correct. The plaintiff in error claims that the judgment of the justice of the peace required him to pay the fine imposed into the hands of the treasurer of the town; but it is manifest not only that the justice did not intend to be so understood in the language used by him in the judgment, but also that the judgment itself does not require that construction. The plaintiff must have understood that the expression "pay a fine to the treasurer of the town," was used merely to designate the officer to whom the money, when received by the justice, would be paid over; and that payment to the justice for the treasurer would be in effect payment to the treasurer. This is the plain interpretation of the judgment.

But if the judgment was defective it was far from being void, and the appeal that was taken by the plaintiff to the Superior Court vacated the judgment and rendered the defect of no consequence. The Superior Court acquired by the appeal complete jurisdiction of the case, and took it unaffected by the error.

There is no error in the judgment complained of.

In this opinion the other judges concurred.