## EZRA M. HOWLAND vs. CHARLES COUCH.

|    |    |
|----|----|
| 43 | 47 |
| 73 | 13 |

A declaration, after an appeal, can be amended in the appellate court, to the same extent that it could have been amended if originally brought to that court.

While such an amendment must not change the "ground of the action," yet it is sufficient if the declaration as amended sets out or is founded upon the same transaction upon which the suit was originally brought.

ASSUMPSIT, upon the common counts; brought before a justice of the peace, and appealed by the defendant to the Court of Common Pleas. In that court the plaintiff filed the following bill of particulars:

"1874, June. To cash, $10; one wagon, $40; work, $5; money had and received, $35 = $90."

He also at the same time filed two additional counts, the first of which was as follows (the second not varying from it in any thing essential to the case):

And the plaintiff further declares, in a plea of the case, that on or about the 23d day of June, 1874, in consideration that the plaintiff, at the special instance and request of the defendant, would deliver to him a wagon, the property of the plaintiff, in exchange for a certain horse of the defendant. he, the defendant, undertook and then promised the plaintiff to

deliver to him the said horse of the defendant, and to pay him the sum of ten dollars, in exchange for the said wagon of the plaintiff; and the plaintiff says that, confiding in the said promise and undertaking of the defendant, he did afterwards, on or about said 23d day of June, 1874, deliver to the defendant the said wagon of the plaintiff. Yet the defendant, not regarding his said promise and undertaking, though often requested, has neither delivered to him the said horse of the defendant, nor paid to him said sum of ten dollars, or any part thereof, but has hitherto wholly neglected and refused, and still wholly neglects and refuses so to do, to the damage of the plaintiff, etc.

The defendant, before entering his plea, filed a motion that the amendments be disallowed and stricken out as not authorized by law, upon the ground, first, that the declaration could not be amended after the appeal, and second, that the ground of the action was changed by them.

The court (*De Forest, J.,*) found that "the two additional counts which the plaintiff had filed as an amendment to his declaration, and which the defendant moved to erase, set out the same transaction upon which the plaintiff had sued and sought to recover upon the common counts alone upon the trial before the justice; that the plaintiff had claimed to recover before the justice upon the common counts, upon the ground that he had fully performed his part of the contract set out in said additional counts, and that the defendant had failed to perform his part of said contract, and that he, the plaintiff, could therefore recover back upon the common counts the value of the property and the money which he had delivered to the defendant pursuant to said contract." The court therefore denied said motion to erase.

The case was then tried to the jury, upon the general issue, with notice, and a verdict returned and judgment rendered for the plaintiff. The defendant then brought the record before this court by a motion in error, assigning as error the allowance of the amendments by the court and the denial of the defendant's motion to strike them out.

*J. H. McMahon,* for the plaintiff in error.

1. The general provisions of the act relating to amendments, (Revision of 1866, p. 27, secs. 122 to 125,) do not apply to cases brought to a court by appeal. *Judson* v. *Blanchard,* 3 Conn., 585. There is a special provision of the statute allowing appealed cases to be amended by raising the damages. Sec. 124. This, by fair construction and necessary implication, prohibits any other than the amendment authorized in specific terms. A different construction compels the defendant to meet one case below and another above, and is not consonant with the spirit and intent of the statute relating to costs on appeals. Rev. of 1866, p. 41, sec. 196.

2. The new counts are not for the same cause of action, and call for a new rule of damages. They therefore would not be allowed by way of amendment even if the suit had been brought originally to the Court of Common Pleas.

*L. D. Brewster,* with whom was *S. Tweedy,* for the defendant in error.

LOOMIS, J. This action was originally brought before a justice of the peace, by a writ and declaration in assumpsit, containing only the common counts, upon which, under the plea of the general issue, a trial was had, which resulted in a judgment for the plaintiff. The defendant then appealed the case to the Court of Common Pleas, which allowed the plaintiff to amend his declaration by adding special counts in assumpsit. The allowance of this amendment is claimed to be illegal on two grounds:—1st, that the right to amend the declaration does not exist after a case has been appealed to a higher court; and 2d, that the amendment as allowed in this case changed the ground of action.

First:—Is the right to amend lost by appeal?

If an appeal from a justice of the peace was of the same nature as a writ of error, or an appeal from probate, in which only some particular point of law, decree or judgment is carried up for revision, and in which the decision of the court below remains in full force until reversed by the higher court,

the objection against allowing such an amendment would be well taken; for in such cases the correctness of the decision of the court below must necessarily be determined with reference only to the precise case that was before such court.

But under our statutes and practice appeals from justices are of an entirely different nature. The judgment below is at once vacated by the appeal, and the whole cause, (and not a particular decision in regard to it,) is carried to the higher court, just as if it had been originally commenced there, entirely unaffected by the proceedings or pleadings below, except as to preliminary pleas that may have been waived.

This doctrine has been affirmed and reaffirmed many times by this court. *King* v. *Lacey*, 8 Conn., 499; *Curtiss* v. *Beardsley*, 15 Conn., 518; *Phelps* v. *Hurd*, 31 Conn., 444; *State* v. *Harding*, 39 Conn., 561.

The principle established in the above cases virtually settles the question under consideration, for it shows that the case, after an appeal from a justice, is still in that position where an amendment is permitted even by the rules of the common law. In Tidd's Practice, p. 242, published in 1790, it is said: "At common law, when the pleadings were *ore tenus* at the bar of the court, if any error was perceived in them, it was presently amended. Afterwards, when the pleadings came to be on paper, it was thought but reasonable that the parties should have the like indulgence. And hence it is now settled, that whilst the pleadings are in paper, and before they are entered on record, the court will amend the declaration, plea, replication, &c., in form or in substance, on proper and equitable terms." See also the opinion of HOSMER, C. J., in *Judson* v. *Blanchard*, 3 Conn., 579, and cases cited on page 586.

Our statute regulating amendments (Gen. Statutes, Rev. of 1866, p. 27, secs. 122, 123,) is not less liberal than the common law. It makes no distinction between original and appealed cases, and to exclude the latter would require a more rigid construction of its provisions than has ever been applied to it. The purpose of the statute being beneficial, it has continually been more and more liberally expounded. *Bulkley* v. *Andrews*, 39 Conn., 523; *Nash* v. *Adams*, 24 Conn., 33; *Stuart* v. *Corning*, 32 Conn., 105.

As further evidence that our construction of the law is correct, as applicable to this case, we refer to the long continued and hitherto unquestioned practice of the courts of this state to allow such amendments.

In *Saunders* v. *Dennison*, 20 Conn., 521, CHURCH, C. J., in giving the opinion, remarks as follows, on page 527 :—"After a valid appeal from the County to the Superior Court, the addition of a new count is admissible, if it be consistent with the original cause of action, even if the original count be afterwards abandoned; and this is the practice of every day." It would of course make no difference with the right to amend after an appeal, whether it was taken from a justice of the peace, or from a County Court.

As long ago as 1791, in *Osborn* v. *Lloyd*, 1 Root, 301, the practice of amending the pleadings after an appeal was recognised and sanctioned by the Superior Court, and has been permitted ever since. If a court has power to permit the pleadings to be amended, it should have the right also to allow an amendment of the declaration. The statute, in conferring the privilege of amendment, makes no discrimination between the declaration and subsequent pleadings, except that it allows an amendment of the former without cost, within the first three days of the term.

Our attention has been called to a special provision of the statute, allowing the declaration in appealed cases to be amended by raising the damages to a sum not exceeding seventy dollars, (Gen. Statutes, Rev. of 1866, p. 28, sec. 124,) and it is claimed that this act by implication prohibits any other amendment. This however depends upon the object which the legislature had in view in passing the act. We think this act originated in a belief that an amendment in the higher court, raising the damages above the jurisdiction of the court below, and having relation back to the commencement of the proceedings, would, if allowed to have effect, oust the appellate court of jurisdiction, and that, for that reason, such an amendment would have to be treated as a nullity unless specially authorized by statute. *Fowler* v. *Bishop*, 32 Conn., 199. The act referred to was originally

passed in 1847, when justices of the peace had no jurisdiction above thirty-five dollars, and the County Court, to which the appeal was then to be taken, had no jurisdiction exceeding seventy dollars. The act also contemplated that the appealed cause might be so enlarged and so differently presented in the County Court as to reach the maximum jurisdiction of that court.

The foregoing reasons induce us to hold that the right to amend the declaration in this case did not cease when the appeal was taken to the Court of Common Pleas.

The second question is, whether the amendment, as actually made, was allowable. The form of the action is preserved, but it is claimed that the "ground of action" is different.

And here we recur again to the liberal construction which our courts have always given to the statute, with a view to furnish every possible facility to reach the real merits of the entire controversy between the parties, and "to prevent the plaintiff from being put to a new action, where by accident, mistake, or inadvertence, or even by carelessness, he has made a formal slip, or misdescribed the facts of his case." *Nash* v. *Adams*, 24 Conn., 38. "The phrase 'ground of action' therefore is not to be construed in its technical sense, but it is held to refer rather to the real object of the plaintiff in bringing the suit," which is to be determined not merely by the face of the declaration, but also by the extrinsic circumstances of the case. Ib., 39. See also *Peck* v. *Bacon*, 18 Conn., 377; *Spencer* v. *Howe*, 26 Conn., 200; *Beers* v. *Woodruff & Beach Iron Works*, 30 Conn., 308; *Church* v. *Syracuse Coal & Salt Co.*, 32 Conn., 372; *Barber* v. *Barber*, 33 Conn., 335; *Bulkley* v. *Andrews*, 39 Conn., 523.

The above authorities fully justify the amendment in this case. Upon the defendant's motion to erase the additional counts the court below found, (and the same fact sufficiently appears also from the bill of particulars,) that the new counts set out, and are founded upon, the identical transaction upon which the plaintiff had sued, and sought to recover upon the common counts alone upon the trial before the justice.

There is no error in the judgment complained of, and the same is hereby affirmed.

In this opinion the other judges concurred.