## NASH *vs.* ADAMS AND ANOTHER.

The phrase, " ground of action," in our Statute of Amendments, (Rev. Stat., tit. i., chap. 8, § 102,) is not used in a technical sense, but refers to the real object of the plaintiff in bringing his suit.

In deciding upon the admissibility of an amendment to a declaration, the court will look not merely at the face of the declaration, but also at the extrinsic circumstances of the case.

Where, in an action on the case, it appeared that the ground of action was the non-delivery of gold, which the declaration alleged had been entrusted to the care of the defendants generally, and not in any particular capacity, it was held, that the plaintiff's declaration might be amended by additional counts, with new averments, as to the manner, time, and place, of the reception of such gold.

Where, in the other counts of the declaration, it was alleged that the gold was entrusted to the defendants as common carriers, to carry from A. to P.; it was held, that the declaration might be similarly amended.

THIS was an action on the case, brought to the term of the superior court for the county of New London, holden in September, 1851.

The declaration originally contained three counts.

In the first count, it was alleged that the defendants were carriers of goods and chattels for him from the city of Norwich, in the state of Connecticut, to the city of Philadelphia, in the state of Pennsylvania, and that on the 8th day of October, 1850, the plaintiff delivered to them a bag containing 207 oz. and 10 pwts. of placer gold, marked U. S. Mint, Pa., to be conveyed from said Norwich to the U. S. Mint at Philadelphia.

The second count was like the first, except that it did not allege the defendants to be common carriers.

The third count was general, and alleged that the defendants had the care and custody of a like bag of gold, which, through the neglect of the defendants, was lost.

At the term of said superior court, holden in December, 1853, the cause was tried by the jury, on the general issue. On the trial, it appeared in evidence, that the bag of placer gold, for the loss of a part of which the plaintiff sought to recover, was delivered to the defendants, at the city of San Francisco, in the state of California, to be conveyed by them on a special contract, to the city of New York, in the state of New York, and there to be delivered to the plaintiff; that the defendants brought said bag of gold, to said city of New York, and (the plaintiff residing in the town of Preston, in the state of Connecticut) the said bag was forwarded to the town of Norwich, in said state, by the defendants, and was there delivered to the plaintiff, and the plaintiff there received the same, and delivered to the defendants the bill of lading.

It further appeared, that afterward, on the same day, the plaintiff re-delivered said bag to the defendants, at the city of Norwich, and took a receipt therefor, to be conveyed by the defendants to the United States' Mint, at the city of Philadelphia, in the state of Pennsylvania. The defendants conveyed the said bag to said mint, and there, for the first time, it was discovered that there was a difference between

the true weight, and the weight marked on the said bag. It further appeared that the plaintiff originally brought his action, based on this last delivery of the said bag to the defendants, by the plaintiff, at the said town of Norwich, to be conveyed to the said mint as is set forth in the first three counts of the plaintiff's declaration.

The jury, being unable to agree on a verdict, the cause was continued to the March term of the said superior court, when the plaintiff moved for leave to amend his declaration, by the addition of three new counts, the first of which was substantially as follows: " The defendants, before and at the delivery of the goods and chattels to them, as next hereinafter mentioned, were, and thence hitherto have been, and still are, common carriers of goods for hire, from San Francisco, in the state of California, to Norwich, in the state of Connecticut, and the plaintiff, while the defendants were such common carriers as aforesaid, to wit, on the 30th day of August, 1850, caused to be delivered to the defendants, and the defendants then accepted, and received of and from the plaintiff, a certain other bag, or package, containing divers goods and chattels of the plaintiff, to wit, 208 ounces of placer gold, of great value, to wit, of the value of four thousand dollars, to be safely and securely carried and conveyed by the defendants from San Francisco aforesaid, to Norwich aforesaid, and there, to wit, at Norwich aforesaid, safely and securely to be delivered, for the plaintiff, for certain reasonable reward to the defendants in that behalf. Yet the defendants," &c.

The second new count alleged, that the defendants were common carriers from San Francisco to New York; that said gold was delivered, and received by them, to be carried by them, from San Francisco to New York.

In the third new count, it was alleged, that the defendants were common carriers, from the city of New York to Norwich, in this state, and received said gold to be carried from said New York to Norwich.

The defendants objected to the allowance of the motion, claiming that it changed the ground of the plaintiff's action. The court overruled the objection, and allowed the motion, and the plaintiff thereupon filed said new counts.

The jury returned a general verdict in favor of the plaintiff, and the defendants filed a bill of exceptions, and by motion in error, brought the case before this court.

*Foster*, *Park* and *Wait*, in support of the motion.

1. Though the statute now gives to our courts great discretionary power in allowing amendments, both in form and in substance, at any stage of the proceedings before judgment, yet the alteration must be an amendment and not the institution, in fact, of a new suit, upon a new cause of action. *Drake* v. *Watson*, 4 Day, 37. *Peck* v. *Sill*, 3 Conn. R., 157. *State* v. *Rowley*, 12 Conn. R., 101. *Town of Windham* v. *Litchfield*, &c., 22 Conn. R., 236. *Smith* v. *Palmer*, 6 Cush. R., 513.

2. Apply this rule to the present case, and it is plain that the new counts could not be added; because they embrace a claim, widely different from that stated in the first counts; a claim growing out of a different contract or agreement. Rev. Stat., tit. i., chap. viii., sec. 102.

*E. Perkins* and *Halsey*, contra.

1. It is manifest that justice required the amendment, and that the court exercised a sound discretion in allowing it. If the judgment is reversed, the plaintiff must try the case again, upon a similar declaration, when the result must be the same. The recovery was that, for which the plaintiff originally brought his action.

Numerous cases are to be found, where the courts have stated that amendments were within their equitable power, and that they would exercise a salutary discretion in allowing them, or not, as the justice of each particular case should require. 1 Am. Com. Law, 330.

2. The allowance of the amendment in this case, was not only within the justice and equity of the rule, but it was strictly legal and proper, in view of the best considered authorities. It did not change the "form or ground of action." The thing sought to be recovered in the original action, was the gold dust, or its value, that had been lost ·by the negligence of the defendants. The amendment did not depart from this, or set up a different cause of action. It sought the recovery of no new thing. .

The different counts are only different modes of stating the cause of complaint, or injury, for which the plaintiff sues. *Smith* v. *Palmer*, 6 Cush., 513. *Ball* v. *Claflin*, 5 Pick., 303. *Swan* v. *Nesmith*, 7 Pick., 220. *Cassell* v. *Cook*, 8 S. & R., 268. Anon. 15 S. & R., 1. *Haskins* v. *Ferris*, 23 Vt., 673. *Parley* v. *Brown*, 12 N. H., 493. *Loring* v. *Proctor*, 26 Maine, 18. 4 Eng. Law and Equity, 329. *Baldwin* v. *Walker*, 21 Conn. R., 168.

3. The allowance of an amendment within the general power of the court, is not the subject of error. *Merriam* v. *Langdon*, 10 Conn. R., 460. Whether an amendment, in a given case, is within the power of the court, is very much a matter of discretion, to be exercised upon the particular facts of the case, and courts have, with great propriety, been very liberal in allowing them, and, in this case, it would be in furtherance of the cause of justice.

All the evidence, adduced in support of the declaration, as amended, could be, and was, introduced under the original declaration. A trial upon either of the original counts, involved the whole case. The third original count would support the verdict if all the others were struck out.

STORRS, J. The objection urged against the amendment of the declaration in this case is, that it changed the ground of the action ; its form was confessedly preserved. The statutes of amendment, and the decisions upon them, in other states, which have been very elaborately examined by the

defendants' counsel, obviously furnish but little light for our guidance in expounding our own statute on that subject. Ours is a very ancient law, and has continually been more and more liberally expounded, so as to further the beneficial purpose intended by it, which was to prevent the plaintiff from being put to a new action, where by accident, mistake, or inadvertence, or even by carelessness, he had, in his declaration, made a formal slip, or misdescribed the facts of his case ; subjecting him, however, if he does not amend within the short time allowed by the statute, to the payment of costs, at the discretion of the court. And, under the long and unquestioned practice of our courts, it has received such a broad construction, that we have no difficulty in sanctioning the amendment, which was allowed in this case. The third original count of the declaration was in the most general form, stating that the defendants, at their special instance and request, had the care and custody of the gold therein described, and by their neglect to take proper care thereof, a part of it was lost. If the declaration had contained only this count, the amendment allowed would only have been an amplification of it, making it more particular as to details, and would have been allowable on the strictest principles claimed by the defendants. But it is not necessary, in our opinion, to justify the amendment on that ground. If that count had not been inserted, we should still think that it might have been permitted. Many cases of amendments might be cited in which the objection, now urged, applied with quite as much force as in the present, but in which it was overruled and no exception taken. In a great proportion of the cases where amendments are allowed, the ground of action is, in one sense, changed ; as where, for instance, the date of a note declared on, or its amount, is incorrectly described : but amendments, in such cases, are very frequent, where the court is satisfied that the error arose merely from mistake, or inadvertence, and that the action was intended

to be brought on the instrument, or cause of action, as described in the amendment.

The phrase, " ground of action," is not used in this statute in any technical or narrow sense, but was intended to refer rather to the real object of the plaintiff in bringing the suit; and such a construction has always been given to it as would further that object. The face of the declaration merely, therefore, has never been held to determine whether it may be amended, the form of the action being preserved; but courts, in deciding upon the admissibility and propriety of an amendment, have uniformly, and, we think, properly, looked also at the extrinsic circumstances of the case, with a view of ascertaining the real purpose for which the suit was brought. In this case, we consider the ground of action, using that phrase as it is used in the statute, to be the non-delivery, by the defendants, of the gold which was entrusted to their charge, and that the superior court did not exceed its power in allowing the amendment, as to the manner, time, or place, of its reception by the defendants to be transported, which was substantially all that was done in this case.

The judgment complained of is therefore affirmed.

In this opinion the other judges, WAITE and HINMAN, concurred.

Judgment affirmed.