JAMES H. HOYT AND OTHERS *vs.* WILLIAM L. SMITH AND ANOTHER.

As a general rule, amendments of a bill in equity should be made before the report of the facts by a committee, but the rule will not be applied to a case where the facts necessary to the amendment can be obtained only upon the hearing before the committee, and especially where they are within the knowledge of the opposite party and his relation to the petitioner is such that he ought to have voluntarily disclosed them.

A bill in chancery alleged that the respondent had contracted to engage in gold digging in California, for two years, for the joint benefit of himself and the petitioners, and called for an account of what he had thus obtained and for a discovery. After the petitioners had attempted in vain to get a full disclosure from the respondent, the case was referred to a committee to report the facts, upon the hearing before whom it appeared and was found by them, that the respondent had, during the two years, obtained a large amount of money in the lightering business, in such circumstances that he ought equitably to account to the petitioners for it, but that he had obtained no gold beyond what had been required for his expenses. After the report was returned, and the case had been reserved on the facts so found for the advice of this court, and this court had advised that the bill be dismissed on the ground that it contained no averments that would apply to any moneys obtained in the lightering business, a motion was made in the superior court to amend the bill, by inserting such averments as to the money so acquired as would meet the facts presented by the report of the committee. Held, that such an amendment was proper in itself, and in the circumstances might reasonably be allowed at so late a stage of the proceedings.

The question as to the costs to be paid on the amendment having been referred to this court, it was advised that, as the petitioners might have moved for the amendment immediately on the return of the report, they should be required to pay the cost accruing after that time.

BILL IN EQUITY. The facts of the case are fully stated in the report of a former hearing of the same case, *ante*, page 63. It will be seen that this court there advised that the bill be dismissed for the want of any averment as to moneys obtained by the defendant Smith in any other business except that of digging gold,—while by the report of the committee it was found that he had acquired no money in that mode, but a large amount in the business of lightering, during the two years covered by the contract with the petitioners. At the term of the superior court next following, the defendants moved that the bill be dismissed in accord-

Hoyt *v.* Smith.

ance with the advice so given. The petitioners at the same time moved to amend by inserting the following allegations, with sundry minor amendments to adapt the bill to them :

" That when in California as aforesaid, viz., on or about the first day of December, 1849, the said Smith, having become satisfied that he could not longer pursue the business of gold digging with profit to himself or the petitioners, afterwards, viz., on or about the first day of January, 1850, so informed the petitioners ; and that it was thereupon then and there understood and agreed by and between said Smith and the petitioners that the said business of gold digging, as contemplated in and by said agreement in writing might be abandoned, and that his time and services thereafter, during the remainder of said term of two years, might and should be devoted to such other business in said California as would prove profitable to himself and the petitioners, and particularly to the business of lightering in said California; and that all the gold and moneys collected and procured by him in such other business, and particularly in said business of lightering, during said remainder of said term, should belong to and be divided between the said parties, in the same manner and proportions as specified and set forth in said agreement in writing; and that said Smith, pursuant to such understanding and agreement did, on or about the first day of January, 1850, commence the said business of lightering, and continued therein during the remainder of said term."

The respondents objected to the allowance of the amendment as introducing a new cause of action, and as therefore one that could not lawfully be made, and on the ground that it ought not to be made at so late a stage of the proceedings. They also claimed that it was the legal duty of the superior court to follow the advice of this court and dismiss the bill. The questions thus made, with the question as to what cost should be paid by the petitioners if the amendment should be allowed, were reserved for the advice of this court.

*Dutton* and *Minor*, with whom was *Ferris*, for the petitioners.

*Hawley* and *Loomis*, for the respondents.

HINMAN, J. In the recent case of *Camp* v. *Waring*, (25 Conn., 520,) it was held by this court that it was competent for the superior court, in its discretion, at any time before the passing of a decree in the case, to allow any proper amendments to a bill in equity to be made by the plaintiff, and, therefore, that such amendments are not precluded by the report of a committee in the case. This decision must of course narrow the enquiry in this case to the questions, whether the amendments proposed to be made are proper, and whether, under the circumstances of the case, they are offered at so late a stage that the court ought not now to exercise its discretion in the allowance of them.

First, then, are the proposed amendments proper in themselves, so that they would have been allowed had they been offered soon after the commencement of the suit. The original bill calls for an account of the services and earnings of the defendant Smith, while he was in California digging for gold. It states that, having been fitted out at the expense of the other parties, he went to California under a contract to remain there for two years, and to employ himself in digging for gold for the joint benefit of all the parties to the bill. It is now claimed that while he was in California he also engaged in the business of lightering, by means of which he realized large profits, under such circumstances as to render him accountable therefor upon the same terms that he would have been accountable had he exclusively devoted his services to gold digging.

Now, assuming, as we must at this stage of the case, that the plaintiffs are able to make out by proof such a case as they claim in their bill, if amended, it seems hardly to admit of a doubt that it is not only proper for the plaintiffs to call for an account for the whole time Mr. Smith was engaged in business on his and their joint account by one bill, but, when

Hoyt v. Smith.

they first instituted proceedings against him, it was their duty to do so, if they then had possession of the facts which they now propose to introduce into the case.    The parties are the same—all being interested both in the gold digging and in the lightering business, and there being no others than the original parties who had any interest in either business. Indeed, his whole employment in California may fairly enough be considered as having been pursued under the same contract; for, although the business of lightering was not contemplated when he went there, and was not there- fore provided for in the original written contract, yet the parties at any time, could vary or alter the terms of their contract at pleasure, or, if they saw fit, they could abandon it altogether ; and while the defendant Smith was in Cali- fornia and the other parties here, we should not expect that any such alteration would be evidenced by any formal writ- ten instrument.    The execution of such an instrument would hardly be practicable, and the ordinary evidence of such an alteration we should expect to find in the correspondence between the parties, and inferences to be drawn from it and from the conduct of the parties themselves.

Now, whether the plaintiffs can make out their case on the amended bill it is not our province now to determine.    It is sufficient that we see enough from the facts already disclosed to justify the plaintiffs in instituting proceedings, and that the facts which have been brought out since the bill has been pending, seem to furnish reasonable ground to ask for relief upon a bill which will entitle them to it if they can es- tablish the new facts which they propose to set up.

To justify the amendments however, it is perhaps not enough that they should be such as might have been in- cluded in the original bill.    However this may be, we think those offered in this case are very proper to come in as amendments.    The present bill calls for an account of the avails of Mr. Smith's services for two years while in Califor- nia digging for gold.    The amendments only vary the claim by making it more general in respect to his employments in California.    But, in both the original, and the bill as it will

be if amended, the substance is the same—a claim for an account of the avails of two years services while engaged in business for the joint benefit of the other parties to the bill. The amendments certainly do not change the ground of recovery to a greater extent than was allowed in the case of *Nash* v. *Adams*, 24 Conn., 33, which is a stronger case than this, inasmuch as that was an action at law, in which amendments are, by statute, more restricted than in bills in equity.

But, secondly, are the amendments offered at so late a day that they ought not now to be allowed? The case, it is true, has been a long time pending, but the delay has been chiefly caused by the defendants. Their first answer, made in February, 1853, was so imperfect that the plaintiffs were compelled to file new and more specific interrogatories, many of which the defendant Smith refused to answer until forced to do so by the court. During all this time that the plaintiffs were struggling to obtain information in respect to Smith's employments in California, he, certainly, ought not to complain of the delay, or offer it as any ground of objection to the allowance of the amendments. Indeed, it was not until the report of the committee, in August, 1857, that the plaintiffs were able to get the facts which they now wish to incorporate into the bill. Before that time we think they are not chargeable with any delay. But at that time they had all the information which they have now, and we think they ought then to have made their motion to amend. They however chose to try their right to recover upon the original bill, and for that purpose went a second time to the supreme court of errors with their case. Perhaps, in ordinary cases amendments ought to be made before the report of a committee, as a matter of discretion, but such a rule will not apply to a case where the facts necessary to amend by can only be obtained at the hearing, particularly where they are facts within the knowledge of the opposite party, and which his relation to the plaintiffs demanded that he should voluntarily have given to his employers.

We think, therefore, that the bill should not be dismissed; but that the amendments should be received and allowed

on the payment of reasonable costs accruing since the report of the committee, and so we advise the superior court.

In this opinion the other judges concurred.

Amendments allowed.