39  523
62  373
39  523
73   13

MATTHEW BULKLEY, EXECUTOR, *vs.* EBENEZER ·Γ. ANDREWS.

Claims in the plaintiff's private right cannot be joined with claims in his right as an executor. Such a declaration is bad on demurrer, motion in arrest, and on error.

Where an executor, in his capacity as such, sued on the common counts in general assumpsit, it was held that there was no such misjoinder because some of the counts, as for work and labor, were in their nature such that the right of action accrued to him in his own right and not in the right of the testator.

Where a writ describes the plaintiff as executor, and there are several counts in the declaration, the first of which describes the cause of action as accruing to him as executor, it is not necessary that the later counts should describe the plaintiff as executor or aver that the right of action accrues to him as such.

A general verdict will be upheld, where there are several counts, if any of the counts are good.

In an action of general assumpsit, a new trial having been granted on the ground that the proof was of a bailment and not of a sale of goods, the plaintiff was allowed to amend by adding special counts alleging a bailment. Held not to be erroneous as changing the ground of the action.

The purpose of our statute of amendments is beneficial, and it has continually been more and more liberally expounded.

Where an amendment is in its nature one that can be made, the question of allowing it is one of discretion.

Where evidence of a contract alleged was objected to on the ground of variance and the objection overruled, and the evidence though not fully proving the contract, tended in some measure to prove it, and the judge charged the jury that they must find the contract proved precisely as alleged to entitle the plaintiff to recover, it was held that a new trial ought not to be granted to the defendant on account of the variance.

Bulkley *v.* Andrews.

A decree of a court of probate settling an administration account cannot be attacked collaterally except for fraud. Evidence is not admissible to show that items allowed in the account ought not to have been allowed.

Where there are different counts and evidence applicable to each, it is not a ground for granting a new trial that the judge refused to require the jury to declare on which count or counts they found their verdict.

ASSUMPSIT, brought to the Superior Court in the county of Fairfield.

The declaration contained originally a single count in general assumpsit for goods sold, money had and received, &c., the writ describing the plaintiff as executor of the will of one Elizabeth H. Godfrey, and declaring upon an indebtedness to the plaintiff as such executor, and a promise of the defendant to him as executor, and claiming damage to the amount of $800 to him as executor.

A new trial having been granted in the case by this court at its January Term, 1872, in this county, (*ante,* page 70,) on the ground that the case was one of bailment of goods and not of sale, and that general assumpsit would not lie, the plaintiff at the next term of the Superior Court thereafter moved to amend by adding three special counts, the material parts of the first of which were as follows:

And the plaintiff further says that the defendant on the 1st day of January, 1869, in consideration that the plaintiff, at the special instance and request of the defendant, had caused to be delivered to the defendant certain other goods and chattels, to wit: (describing the goods, which consisted mainly of household furniture and effects,) all of the value of eight hundred dollars, to be taken by the defendant and taken care of until such time as the plaintiff should want said goods and chattels, or until it should be necessary for him to have said goods and chattels for the purpose of completing the settlement of the estate aforesaid, and to be then re-delivered by the defendant to the plaintiff, he, the defendant, undertook and then and there faithfully promised the plaintiff to make an exact inventory of said last mentioned property and return it to the plaintiff, and to take due and proper care of and safely and securely keep the said goods and chattels for the

plaintiff, and to re-deliver the same to him when he, the plaintiff, should want said goods and chattels, or when it should be necessary for the plaintiff to have said goods and chattels for the purpose of completing the settlement of the estate aforesaid. And though the defendant then and there received the said goods and chattels for the purpose aforesaid, and although the plaintiff afterwards, to wit, on the 1st day of January, 1870, wanted said goods and chattels, and it was then necessary for the plaintiff to have said goods and chattels for the purpose of completing the settlement of the estate aforesaid, and although the defendant was afterwards, to wit, on the day and year last aforesaid, requested by the plaintiff to re-deliver the said goods and chattels to him, yet the defendant has never made and returned to the plaintiff any inventory of said goods and chattels, and did not take .due and proper care of, and safely or securely keep the said goods and chattels or any part thereof for the plaintiff, nor re-deliver the same to the plaintiff; but on the contrary thereof, he, the defendant, so negligently and carelessly conducted himself with respect to the said goods and chattels, and took so little care thereof, that through the carelessness and negligence of the defendant the said goods and chattels, being of the value aforesaid, afterwards, to wit, on the day and year aforesaid, became and were wholly lost to the plaintiff.

The material parts of the second special count were as follows :

And the plaintiff further says that the defendant, on the 1st day of January, 1869, in consideration that the plaintiff at the special instance and request of the defendant had caused to be delivered to the defendant certain other goods and chattels, in all respects precisely similar to the goods and chattels mentioned in the count next preceding, and all of the value of $800, to be taken care of and safely and securely kept by the defendant for the plaintiff, and to be re-delivered by the defendant to the plaintiff, he the defendant undertook and then and there faithfully promised the plaintiff to take due and proper care of and safely and securely keep the said goods and chattels for the plaintiff, and to re-deliver the same

to the plaintiff, when he, the defendant, should be thereunto afterwards requested; and although the defendant then and there received the said goods and chattels from the plaintiff for the purpose aforesaid, and although the defendant was afterwards, to wit, on the day and year last aforesaid, requested by the plaintiff to re-deliver the said goods and chattels to the plaintiff, yet the defendant did not take due and proper care of and safely or securely keep the said goods and chattels, or any part thereof, for the plaintiff, nor re-deliver the same to the plaintiff, but on the contrary thereof he, the defendant, so negligently and carelessly conducted himself with respect to said goods and chattels, and took so little care thereof, that through the negligence and improper conduct of the defendant, the said goods and chattels, being of the value aforesaid, afterwards, to wit, on the day and year last aforesaid, became and were wholly lost to the plaintiff.

The third special count was as follows:

And the plaintiff further declares and says that the defendant, on the 1st day of January, 1869, in consideration that the plaintiff would deliver to the defendant a great amount of certain other goods and chattels mentioned in the inventory of said estate of the value of eight hundred dollars, belonging to the plaintiff as executor as aforesaid, promised the plaintiff to make and return to him a particular list of said goods and chattels, embracing all said articles accurately and specifically described, and valued at the appraisal value of said articles in the inventory of said estate of said Elizabeth H. Godfrey returned to the probate court in and for the district of Weston, and to take care of them and re-deliver them to the plaintiff, when he, the defendant, should be thereto afterwards requested. And although the plaintiff, on the day and year last aforesaid, delivered to the defendant said goods and chattels, yet the defendant never made out and returned to the plaintiff a particular list of said goods and chattels, embracing all said articles accurately and specifically described, nor any list whatever, nor took care of them, and never re-delivered them to the plaintiff, though often requested and demanded,

and more particularly on the 1st day of January, 1870. All which is to the great damage of the plaintiff.

The defendant objected to the allowance of the addition of these three counts by way of amendment because it was too late to make such an amendment after trial and verdict, and because they changed the ground of action, the original action being for goods sold and these counts being for a bailment of goods; but the court allowed the amendment to be made.

The case was afterwards tried to the jury, on the general issue, before *Minor, J.*

On the trial the plaintiff, having proved that he was executor of the will of Elizabeth H. Godfrey, claimed, and offered evidence to prove, that he delivered the articles in question to the defendant, who was the father of Elizabeth Andrews, one of the legatees under the will, and who was acting as her agent in the matter, under an arrangement by which the defendant was to return them if needed in the settlement of the estate. The plaintiff himself testified upon this point as follows : "After the appraisal of the estate, in October, 1866, Nathan B. Johnson, the father of Mary E. Johnson, one of the legatees named in the will, Moses Sherwood, the husband of Eliza Sherwood, another of the legatees, and the defendant, the father of Elizabeth Andrews, another of the legatees, being present, I proposed to them to take this property and take care of it till such time as I should call for it. At that time I did not expect any trouble in settling the estate, or that an appeal would be taken, or that there would be any large amount of claims. The parties agreed to the proposal. It was agreed that each should take one-third of the property and give me an inventory of every article taken as they showed on the inventory. This was the last conversation I had with them. They went on and took possession of the property. They never returned any inventory to me." The plaintiff claimed this to be the contract made between the parties. To this testimony the defendant objected, on the ground that the contract proved by it was variant from the contract set forth in each and all of the counts of the declaration. But the court admitted it under all the special counts.

On the day following the plaintiff further testified that it was a part of the contract that they should return the goods to him when he should call for them, or it should be necessary for him to have them to complete the settlement of the estate. The defendant objected to this testimony by itself, and also in connection with the former testimony of the plaintiff, on the ground that the contract proved by it was variant from the contract set forth in each of the counts of the declaration, but the court admitted it.

The plaintiff also offered evidence to prove, and claimed to have proved, that in the month of February, 1870, he demanded of the defendant to return the goods which he took belonging to the estate, and that he refused to return them.

The defendant denied making any such agreement for the return of the goods, and offered evidence in support of his claim that no such agreement was made.

The plaintiff introduced in evidence the decree of the probate court settling his administration account as executor of the will of Elizabeth H. Godfrey. It appeared from the account that the plaintiff credited himself with sundries, amounting to $1,153, included in which was a bill of expenses in defending the will of the testatrix in an appeal to the Superior Court, amounting in the whole, after deducting the bill of costs received, to $618. The defendant offered evidence to prove that the plaintiff, without request or authority from the defendant or any of the legatees or devisees in the will, assumed and carried on the defence against the appeal and incurred the expenses mentioned. But the plaintiff testified that he believed it to be his duty as executor to make the defence, and also that he supposed he was authorized by the legatees, some of whom were present at the trial aiding the executor. To the evidence offered by the defendant on this point the plaintiff objected, claiming that the account had been allowed by the court of probate, and that that allowance was conclusive upon the parties in interest. The defendant claimed that the evidence conduced to show that the charges for law expenses were illegal, and that the probate court had not jurisdiction thereof, and that the evidence also conduced

to show fraud in the plaintiff in procuring the account to be allowed, and that the evidence was admissible for both purposes. The court admitted the evidence only for the purpose of showing fraud on the part of the plaintiff.

The defendant requested the court to charge the jury that if they should find that the plaintiff defended against the appeal without any authority given him by the legatees and devisees, the decree of the probate court, so far as it allowed his account of the expenses of making the defence, was void.

Also that if the jury should find a contract proved as set forth in the first or second count of the declaration, and should not find that the goods were lost by carelessness or negligence, as in those counts alleged, the plaintiff was not entitled to recover on either of those counts.

Also that if the jury should find an agreement to return the goods in case they should be necessary to complete the settlement of the estate, the defendant would be liable only for the value of so many of the goods delivered to him as should be sufficient to pay one-third of the balance remaining after the application of all the assets already in the plaintiff's hands, with interest from the time demand was made for the return of the goods.

Also that if the jury should find that the request of the plaintiff was that the defendant should return the goods received by him to be returned if necessary for the settlement of the estate, and should also find that only a portion of the goods received were necessary for such settlement, and the plaintiff demanded of the defendant to return the whole of the goods, the plaintiff was not entitled to recover.

Also that if the jury should find that the promise of the defendant was to return the goods if the plaintiff should want them, or it should be necessary for him to have them to complete the settlement of the estate, the plaintiff was not entitled to recover on either count of the declaration.

The defendant further prayed the court to request the jury that, if they should find a verdict for the plaintiff on any of the special counts in the declaration, they should by their

verdict declare on which of the counts they found their verdict.

. The court charged the jury as follows: "The plaintiff claims that the goods in controversy belonged to him as the executor of the will of Elizabeth H. Godfrey, and that he delivered the goods to the defendant to take care of them until he should want them, or it should be necessary for him to have them to settle the estate; and that the defendant received the goods and promised to take care of them until the plaintiff should want them, or until it should be necessary for him to have them to settle the estate. Such is the contract as testified to by the plaintiff, and if you find a verdict for the plaintiff, you must find that precise contract proved and no other. (The judge here read the first and second special counts to the jury.) The plaintiff must prove every allegation of these counts to entitle him to a verdict. If he has not proved these allegations, he is not entitled to a verdict, but your verdict must be for the defendant. The defendant claims that the charge against the estate for expenses in defending the appeal was illegal, and that the plaintiff is not entitled to apply the assets of the estate in payment of these expenses. This claim is unfounded. A decree of a court of probate cannot be attacked collaterally. The probate court has accepted and allowed the plaintiff's account, and the defendant cannot now attack it except for fraud. Fraud vitiates everything. If the plaintiff was guilty of any fraud in any of these transactions, then your verdict ought to be against him. If you find that the defendant sold any of the goods, the plaintiff is entitled to recover on the first count the amount for which they sold, with interest from the time they were demanded; and for the goods he received and did not use, the plaintiff is entitled to recover their value, with interest from the time they were demanded."

The jury returned a verdict for the plaintiff to recover $228.39 on the common counts for money had and received, and $421.80 on the special counts, making $650.16. The defendant moved for a new trial for error in the rulings and charge of the court and in the refusal to charge as requested.

He also filed a motion in error, assigning as error the joinder of each of the three amended counts, which were claimed to set forth a cause of action in the plaintiff's individual right, with the first count, which set forth a cause of action in his right as executor, and that the second and third counts were insufficient because founded on past considerations.

*Sturges*, in support of the motions.

1. The declaration is insufficient to authorize a judgment for the plaintiff, because the plaintiff has joined therein causes of action in his own personal right, and causes of action in his right as executor. Such causes of action are joined in the general count—those for work and labor of the plaintiff, and on an account stated between himself and the defendant, being necessarily in his own right, while the rest are in his right as executor. And the amended counts are in terms in the plaintiff's own name and right, and do not aver that he sues as executor or that the cause of action accrued to him as executor. 2 Redf. on Wills, ch. 6, § 27, art. 6 ; *Lawrence* v. *Carter*, 16 Pick., 17 ; *Brown* v. *Webber*, 6 Cush., 560 ; *Christopher* v. *Stockholm*, 5 Wend., 36 ; *Austin* v. *Munro*, 47 N. York, 360 ; *Cooper* v. *Bissell*, 16 Johns., 146 ; *Corner* v. *Shew*, 3 Mees. & Wels., 350 ; *Webb* v. *Cowdell*, 14 id., 820 ; *Henshall* v. *Roberts*, 5 East, 150 ; *Jennings* v. *Newman*, 4 T. R., 347 ; *Brigden* v. *Parks*, 2 Bos. & Pul., 424 ; *Whipple* v. *Fuller*, 11 Conn., 582 ; *Boerum* v. *Taylor*, 19 id., 126 ; *Taylor* v. *Mygatt*, 26 id., 184 ; *Havens* v. *Hartford & N. Haven R. R. Co.*, id., 220. The second and third counts are also insufficient because the consideration alleged in each was executed when the promises were made.

2. The court had no power to allow the amendments, for the new counts are for new causes, and rest on new grounds of action. The cause of action in the first count, on which the plaintiff relied, was for goods sold and delivered. The cause of action in the second and third counts consists of the breach of a promise to re-deliver goods to the plaintiff, which the defendant had received to keep and re-deliver in the event

of their being necessary to complete the settlement of an estate. *Peck* v. *Sill.*, 3 Conn., 157.

3. The testimony offered of the contract, with the addition to it given on the second day of the trial, which version of it must be taken as the evidence finally passed on and admitted by the court, was inadmissible. It was not admissible under the common count, for the demand there is for goods sold. It is variant from the third and fourth counts, because in them is set forth an absolute contract to re-deliver on request, without any reference to the settlement of an estate. But the contract shown in evidence is in the alternative, to return them when the plaintiff should want them, or when it should be necessary for him to have them to complete the settlement of the estate. The contracts alleged require their return immediately if demanded. The contract proved requires their return at a future time, to be determined by the happening of an event then future. It is further variant from the third count in this, that in that count it is not alleged as part of the contract that an inventory should be made and returned. It is also variant from the second and third counts in this, that in these counts it is alleged that the defendant promised absolutely to safely and securely keep and re-deliver the goods. But the evidence proves a contract of different import, a contract merely to keep and re-deliver, to which the law of bailment applies, and by which the defendant would be excused from re-delivering if the goods should be lost or destroyed. *Curley* v. *Dean*, 4 Conn., 259, 265; *Bunnel* v. *Taintor*, 5 id., 273; *Chittenden* v. *Stevenson*, 26 id., 442.

4. The court should have charged the jury as requested by the defendant, that if they should find that the plaintiff assumed the defence of the will, and incurred the law expenses charged, without any authority given him by the legatees, the decree of the probate court, so far as it allows the account of these expenses, is void. He was under no obligation to appear in the cause, and if he had not appeared he would have been subjected to no expense. The evidence offered on the subject should also have been received. The want of jurisdiction of the probate court may always be shown.

*Sears* v. *Terry*, 26 Conn., 273; 1 Smith Lead. Cas., 991; *Tarbell* v. *Parker*, 106 Mass., 349; *Downs* v. *Fuller*, 2 Met., 138; *Leonard* v. *Bryant*, 11 id., 370; *Thayer* v. *Hollis*, 3 id., 369; *Harris* v. *Willis*, 15 Com. Bench, 710.

5. The charge requested by the defendant, that if the jury should not find that the goods were lost by carelessness or negligence, the plaintiff was not entitled to recover on the second and third counts of the declaration, should have been given. The plaintiff alleged a breach in one particular manner, and of this gave no evidence. Unless he proved that specific breach he was not entitled to recover. *Cussons* v. *Skinner*, 11 Mees. & Wels., 161. The defendant had a right by law to a specific charge on this point, given in such a way that the jury could see the necessity of the proof which was wanting. If the instruction given was as an abstract proposition correct, yet if there was no evidence applicable to one of the allegations, the court, if requested, was bound to say so to the jury. *Brightman* v. *Eddy*, 97 Mass., 478.

6. The request made to the court to direct the jury to declare in their verdict on which of the special counts they should find for the plaintiff, should have been complied with. The contract declared on in each of the counts is different from the others. There was but one contract proved, and that is set forth in a count bad in law. The defendant had a right to have the verdict show which count the jury found proved, especially under our peculiar law that a verdict must stand although one or more counts of the declaration are bad in law.

*Taylor* and *Sanford*, contra.

FOSTER, J. The questions arising on this motion in error, and also for a new trial, are more numerous than difficult.

The first count in the declaration is a count in general indebitatus assumpsit for money lent, money paid, money had and received, goods sold, &c., &c. The first error assigned in the motion in error is, that the first three causes of action in this count are in favor of the plaintiff in his

capacity and right as executor, and the last two causes of action in his own right. This, no doubt, would be a bad count if the fact were so, but it is not. The plaintiff describes himself in the outset as executor, and adds the words "as executor" to every repetition of the term "plaintiff," as often as it occurs throughout the count, including the ad damnum clause. We are at a loss to imagine how he could have made his claims as executor more explicitly or more exclusively. There is manifestly no error on this point.

The second, third, and fourth causes of error may be considered together. The second, third and fourth counts of the declaration are said to be for causes of action accruing to the plaintiff in his own right, and so cannot be joined with the first count. No authority need be quoted to show that claims in one's own right cannot be joined with claims as executor. Such misjoinder is bad on demurrer, on motion in arrest of judgment, or on error. In this declaration, however, we discover no such misjoinder. The special counts, it is true, do not add the words " as executor" after the word " plaintiff" ; but two at least of those counts allude to the property sued for as belonging to the plaintiff as executor, or as needed by him in the settlement of the estate of which he was executor. Then, as we have already stated, the plaintiff describes himself in the commencement of the declaration as executor. There can be no more necessity for repeating the words " as executor," in each count, in order to identify the character in which the plaintiff sues, than there is for repeating the name of the plaintiff in order to identify his person. The misjoinder complained of has not been made, and the error assigned has therefore no existence.

Of the remaining error assigned, that the second and third counts of the declaration are insufficient in the law, it is enough to say that if the defendant is right in his claim, (we think he is not,) it would be no good cause for reversing the judgment below. That judgment would be upheld by the remaining counts in the declaration, which are admitted to be good. The granting of a new trial in this case, (*ante*, page 70,) made it necessary for the plaintiff, unless he

abandoned his claim, either to withdraw his case and com-
mence a new suit, or procure an amendment of his declara-
tion. He moved for leave to amend, and the amendment
was allowed, as we think, properly. The question was
within the jurisdiction of the court, and the amendment
changed neither the form nor the ground of the action. The
purpose· of our statute of amendments is a beneficial one, and
it has continually been more and more liberally expounded.
*Nash* v. *Adams*, 24 Conn., 33 ; *Stuart* v. *Corning*, 32 id.,
105. Besides, the allowance of this motion was within the
discretionary power of the court, and is not the subject of
error. *Merriam* v. *Langdon*, 10 Conn., 460 ; *Husted* v.
*Greenwich*, 11 id., 383. And as to the time when amend-
ments may be made, it is a matter of practice, and rests in
the discretion of the court. *McAllister* v. *Clark*, 33 Conn.,
253.

The objection to the testimony of the plaintiff, on the
ground of variance between the contract proved by his testi-
mony and the contract as set forth in either count of the
declaration, was properly overruled. This testimony perhaps
fell short of proving fully the contract as set forth in either
of the special counts, but it tended to prove it, and was
admissible in support of those counts. There was other
evidence in the case. It was the prerogative of the jury to
pass upon the weight of the evidence, and they were instructed
that the plaintiff must prove every allegation in the special
counts to entitle him to recover.

The action of the court of probate in settling the account
of the plaintiff as executor, and in the allowance of claims
and charges against the estate of the testatrix, could not be
attacked collaterally in the court below. The ruling of the
court, that the decree of probate was conclusive unless fraud
was shown, gives the defendant no valid ground of complaint.
The court, in charging the jury, discriminated between the
first or common count and the amended counts ; instructing
them that if they found that the defendant sold any of the
goods, the plaintiff was entitled to recover on the first count
what they sold for, with interest from the time they were

demanded. As there was evidence applicable to each of the amended counts, the request of the defendant that the jury should declare on which of the special counts they found, if they found for the plaintiff, was properly disregarded.

The judgment of the court below is therefore affirmed, and a new trial is not advised.

In this opinion the other judges concurred.