MARY Q. JOHNSTON *vs.* CHARLES B. SIKES.

Superior Court, Tolland Co., Sept. T., 1888.

Gen. Statutes, § 1386, provides that where an action, commenced within the time limited by law, is defeated " for any matter of form," the plaintiff may commence a new action " for the same cause of action " within one year thereafter. This statute is a beneficial one and is to be construed very liberally.

The plaintiff had been assaulted by the defendant and in settlement of her claim for damages the defendant had given a note to her attorney for $300. This note the attorney brought suit upon for her in his own name, but the defendant defeated the suit upon the ground that the note had been delivered to the attorney upon a condition that it should be returned to him within a certain time if demanded, and that he demanded it within the time. The plaintiff within a year thereafter, but after the time limited by law for such an action had expired, brought a suit for the assault. Held—

1. That the original suit was to be regarded as defeated " for a matter of form."

2. That the second suit was to be regarded as " for the same cause of action."

3. That the plaintiff could maintain the second suit although the first was brought in the name of the attorney.

ACTION for an assault; brought to the Superior Court in Tolland county. The case was heard upon a demurrer of the defendant to a reply of the plaintiff to a plea of the statute of limitations. The case is fully stated in the opinion.

*B. H. Bill* and *J. L. Hunter*, for the plaintiff.

*C. H. Briscoe* and *J. P. Andrews*, for the defendant.

LOOMIS, J. This is an action for an assault made by the defendant upon the person of the plaintiff.

The complaint is dated February 28th, 1888, and was served on the following day. The assault is charged to have been committed on the first day of February, 1885, more than three years before. The defendant pleads the statute of limitations, by which such an action is barred by the lapse of three years. The plaintiff replies to this plea, that, although the cause of action then arose, yet that soon after the defendant, in settlement of the plaintiff's claim for damages, made and delivered to one McFarland, then her attorney, his promissory note for three hundred dollars, dated February 7th, 1885, and payable to McFarland or bearer thirty days after its date; which note was given under the agreement of both parties to it that it should be for the benefit of the plaintiff and in full satisfaction of the cause of action; and that afterwards, on the 5th day of May, 1885, the note not having been paid when it fell due, McFarland brought a suit upon it to the Superior Court in Tolland County, in which the defendant appeared and made answer that the note was obtained from him by duress and a threat of arrest and imprisonment, and that it was left with McFarland upon a condition that if the defendant called for it within a certain time it should be surrendered to him; that he did so call for it, and that the note was not surrendered; so that the note had never been delivered and was of no legal effect; and that the suit upon the note was tried at the September term of the court in the year 1887, and final judgment rendered on the 6th day of that month

in favor of the defendant; and that the present suit was brought upon the original cause of action for which the note was given, within one year after the judgment was rendered in the suit upon the note. To this reply the defendant has demurred.

The statute under which the plaintiff claims the right to institute the present suit after the lapse of three years from the time when the cause of action arose, is section 1386 of the General Statutes, which provides that, "if, in any action commenced within the time limited by law, the writ shall fail of a sufficient service or return by any unavoidable accident or any default or neglect of the officer to whom it is committed, or if the writ is abated, or the action is otherwise avoided or defeated by the death of the party, or for any matter of form, or if after a verdict for the plaintiff the judgment is arrested, or if a judgment for the plaintiff is reversed, he may commence a new action for the same cause of action at any time within one year after the determination of the original suit or after the reversal of the judgment.

The controverted questions arising in this case under this statute, upon the facts admitted by the pleadings, are— whether the first action was defeated or failed for any matter of form; whether the present suit is for the same cause of action as the former one; and if so, whether the present plaintiff, not having been the plaintiff of record in the former action, comes within the intent of the statute. In determining these questions, considering the beneficial character and object of the statute, it is the undoubted duty of the court to construe it liberally in favor of the party seeking to avail himself of its provisions.

1. Did the first action fail or was it defeated for any matter of form? The latter phrase should not be considered in a narrow or technical sense as restricted to defects of allegation or ordinary matters of abatement, for these had been covered by the first part of the act. When therefore the words are added, " or the action is otherwise avoided or defeated by the death of the party or *for any matter of form*," the obvious intention was to make the statute exceedingly

broad and sweeping in its scope. The phrase, "any matter of form," was used in contra-distinction to matter of substance, as embracing the real merits of the controversy between the parties. It refers to the mode of procedure, so that any misconception as to the remedy may be included. In this case we can see in what the matter of form consisted. The party plaintiff, supposing her damages from the assault to have been liquidated by agreement of her attorney and the defendant and thereby merged in the note payable to her attorney, first sought her remedy through an action on that note, and failed because the defendant proved that a parol condition was attached to the note in the hands of her attorney, so that it could not be considered as delivered or valid until that event took place.

There has been no construction of the statute under consideration by the courts of this state, but I find three cases that have arisen in the state of Massachusetts, where a suit had been brought within a year after the failure of a first suit, under a statute of that state which is essentially like. our own. It is quoted in 1 Gray, 581, as follows—"If in any action duly commenced within the time in this chapter limited and allowed therefor, the writ shall be abated or the action otherwise defeated for any matter of form, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or determination of the original suit."

The first case is that of *Coffin* v. *Cottle*, 16 Pick., 383, where a suit had been brought against *A.* as administrator and judgment obtained. In an action of debt on this judgment the first judgment was held void because *A.* was not then administrator, and the suit failed. *A.* had since been appointed administrator, and the plaintiff within one year brought a new suit against him as administrator on the original cause of action. The court held that the suit was sustained by the statute. Here the suit on the judgment was regarded as "defeated for a matter of form," while the new suit was regarded as for the "same cause," although the suit that had failed was on a judgment, and the new

suit on the original cause of action. SHAW, C. J., remarks as follows on page 386 :—" Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality which he can remedy or avoid by a new process, the statute shall not prevent him from so doing, provided he follows it promptly by a suit within a year."

Another case is that of *Woods* v. *Houghton*, 1 Gray, 580, where it is held that a failure of the first action for want of jurisdiction is a defeat of it " for matter of form." METCALF, J., on page 583 says :—" The words used in the statutes declaring the cases in which a second action may be maintained after a failure of the first, have always been construed favorably for the plaintiff and have never been held to have a technical meaning."

The last case is that of *Allen* v. *Sawtelle*, 7 Gray, 166. In this case MERRICK, J., speaking for the court, says :—" The principle established by the decision of the court in *Coffin* v. *Cottle*, 16 Pick., 383, and fully affirmed in *Woods* v. *Houghton*, 1 Gray, 580, leads distinctly to the same conclusion which results from the considerations already stated. It is certain that the plaintiff did not mean to permit his debt to remain for such a length of time as would bar him from its recovery without an attempt to enforce it. He used the diligence required of him when he instituted his first suit against the defendant. That was defeated through no negligence or inattention of his own, and therefore there was no forbearance or delay from which a presumption could arise that the debt had already been in some way paid or discharged."

The pertinency of these cases and the forcible reasoning by which the rights of the several plaintiffs were sustained, would seem to leave no doubt that the plaintiff is right in the position taken in regard to the first question.

2. Can the second suit be regarded as for the same cause of action as the former one ?

In determining this question also, the cases cited from Massachusetts have equal pertinency and force, but we are not, upon this question, restricted entirely to the decisions of our sister state. While it is true that our own Supreme

Court has not passed upon the precise question as to the meaning of the words, "the same cause of action," as used in the statute under consideration, yet it has established the meaning of the words "ground of action" as used in the statutes concerning amendments, where it is manifest the words must have the same meaning with the words "the same cause of action" in the statute we are considering, so that the remarks of the court in the cases we shall cite are applicable and controlling.

Our Practice Act (Gen. Statutes, § 1024,) provides that complaints in actions for breach of contract may be amended, so as to set forth instead a cause of action founded on a tort "arising from the same transaction or subject of action." This shows the tendency of our legislation towards a liberal construction of the term "ground of action," the language "a cause of action arising from the same transaction" being little more than the expression of the same idea in another form.

Our Supreme Court has in several instances spoken in strong terms of the beneficial character of our statutes in regard to amendments, and of the duty of the court to construe them liberally. The object of these statutes, and of the one we are considering, and the principles on which they rest, are essentially the same, namely, to furnish relief to the party who has innocently made a mistake in instituting or prosecuting his action. The former furnish relief pending the action to prevent defeat; the latter comes after defeat arising from the party's mistake, but it holds his right secure against a harsh application of the statute of limitations, provided he will institute his new action within one year from the defeat of the first. In *Nash* v. *Adams*, 24 Conn., 33, the question was whether a certain amendment changed the "ground of the action." STORRS, J., giving the opinion of the court, in which the other judges concurred, says (p. 38):—"Ours is a very ancient law and has continually been more and more liberally expounded, so as to further the beneficial purpose intended by it, which was to prevent the plaintiff from being put to a new action, where

by accident, mistake or inadvertence, or even by carelessness, he had in his declaration made a formal slip or misdescribed the facts of his case. * * * The phrase "ground of action" is not used in this statute in any technical or narrow sense, but was intended to refer to the *real object of the plaintiff in bringing the suit.*"

In *Spencer* v. *Howe*, 26 Conn., 201, HINMAN, J., quotes this language with approval, and an amendment is there sustained in an action for a breach of a covenant against incumbrances, by which an entirely new and distinct breach is alleged.

In *Hoyt* v. *Smith*, 27 Conn., 472, the case of *Nash* v. *Adams* is cited with approval, and the most liberal rule applied in allowing an amendment.

In *Beers* v. *Woodruff & Beach Iron Works*, 30 Conn., 308, an amendment was allowed in an action for fraud in the manufacture and sale of a steam boiler, by which the cause of action was made to be negligence in its manufacture.

In *Bulkley* v. *Andrews*, 39 Conn., 523, the plaintiff had brought a suit for goods sold and recovered judgment. The Supreme Court granted a new trial on the ground that the case was one of bailment and not of sale. The plaintiff then moved to be allowed to amend by adding a count for a bailment. This was allowed by the Superior Court, and a verdict having been rendered for the plaintiff, the case was brought up again on the question, among others, whether the amendment was a proper one under the statute. FOSTER, J., giving the opinion of the court, says (p. 535):— "The amendment was allowed as we think properly. It changed neither the form nor the ground of the action. The purpose of our statute of amendments is a beneficial one, and it has continually been more and more liberally expounded;" referring to *Nash* v. *Adams*, and other cases.

In *Howland* v. *Couch*, 43 Conn., 47, the court refers approvingly to the case of *Nash* v. *Adams*, besides citing other cases, but speaks of "the liberal construction which our courts have always given to the statute with a view to fur-

nish every possible facility to reach the real merits of the entire controversy between the parties."

The cases I have cited will suffice clearly to establish the rule that, both under the statute which governs the present case and those with regard to amendments, a very liberal construction is to be given to the phrases " cause of action" and " ground of action," and that the phrase in the principal statute, " the same cause of action," is correctly paraphrased in the section of the Practice Act which relates to amendments, as a " cause of action arising from the same transaction."

Applying this liberal rule of construction, I cannot arrive at any other result than that the present action is brought for the same cause of action with the former one. It arises from the same transaction. The note given in settlement of the claim for damages was the counterpart of that claim, precisely as a note given for an account is a counterpart of the account. The claim was the consideration and the sole consideration of the note. Its payment would have extinguished all claim for damages.

The denial by the defendant of his obligation upon the note and his defeat of the suit brought upon it, left the plaintiff's claim for damages unsatisfied and an open cause of action against him. It shocks one's sense of justice that the plaintiff should be debarred of her present suit when she has been diligently pursuing her remedy for the same wrong in another form.

3. This brings us to the only remaining question, whether it is any valid objection to the second suit that it is brought in the name of the plaintiff, while the first was in the name of McFarland.

I think it is not. It is admitted by the demurrer that McFarland was the plaintiff's attorney, and as such took the note in his own name and for her sole benefit. It was to all intents and purposes her suit. It would be a very narrow construction of the statute that should make the owner of a just cause of action fail in his second suit because the first

was brought by his agent in the agent's name. For the purposes of a beneficial statute like this the principal and agent are one.

The reply of the plaintiff to the defendant's answer is sufficient and the demurrer of the defendant is overruled.